[727 NYS2d 84]

In the Matter of the Estate of RENATE HOFMANN, Deceased. UNITED STATES TRUST COMPANY OF NEW YORK et al., Appellants; ROBERT S. WARSHAW et al., Respondents.

First Department, June 26, 2001

## APPEARANCES OF COUNSEL

*Theodore O. Rogers, Jr.,* of counsel (*Basil P. Zirinis, III, Keith McKenna* and *Jack Kaplan* on the brief; *Sullivan & Cromwell* and *Carter, Ledyard & Milburn,* attorneys), for appellants.

*Carl Distefano* of counsel (*Michael Belohlavek, William Josephson* and *Paula Gellman* on the brief; *Eliot Spitzer, Attorney General,* attorney), for Attorney General of the State of New York, respondent.

No appearance for remaining respondents.

## OPINION OF THE COURT

ANDRIAS, J.

We agree with the Surrogate that, balancing the public interest in disclosure in a particular case against the benefits to be derived by the parties from confidentiality, movants, despite the parties' confidentiality agreement, have failed to make the requisite showing of good cause required by section 216.1 (a) of the Uniform Rules for New York State Trial Courts (22 NYCRR 216.1 [a])* to seal the executors' objections to their application for attorneys' fees.

The October 29, 1998 agreement, settling the movants' Supreme Court accounting proceeding in their respective capacities as committee of decedent's person and co-committees of her property, although confidential, specifically provided that nothing in the agreement would prevent the executors from proceeding in Surrogate's Court on whatever ground they may have and in whatever fashion they deem advisable, including the filing of any documents, to object to and/or to seek reimbursement of the attorneys' fees paid to or claimed in connection with the legal representation of the preliminary executors of decedent's estate. Although the executors agreed not to oppose movants' request for confidentiality in the Surrogate's Court, any expectation of privacy was clearly dependent upon the Surrogate, who is bound by the provisions of 22 NYCRR 216.1 mandating against sealing of court records except upon a written finding of good cause. Confidentiality is clearly the

---

* "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

exception, not the rule, and the court is always required to make an independent determination of good cause.

Movants argue that this is not a proceeding on the merits of the conduct of the committees, which proceeding was settled by the aforesaid agreement, and that to deny their request for sealing in the Surrogate's Court would have a chilling effect on such settlements in the future. However, while there is a strong public interest in encouraging the settlement of private disputes, conclusory claims of the need for confidentiality of settlement agreements are insufficient to seal a record (*see generally*, George F. Carpinello, *Public Access To Court Records In Civil Proceedings: The New York Approach,* 54 Alb L Rev 93, 108-110). While it may have been a factor in the parties' settlement negotiations in Supreme Court, given the substantial monetary component, confidentiality arguably was not the only or even the decisive factor. Indeed, as noted by the Surrogate, its investigation revealed that, despite the confidentiality agreement, the record in Supreme Court was never actually sealed; the objections to that account, which are the subject of the present sealing application, were simply not filed with the court.

Movants' reliance upon *Matter of Twentieth Century Fox Film Corp.* (190 AD2d 483) is misplaced inasmuch as that case involved the question of disclosure of the terms of an infant's motion picture contracts which were subject to the Surrogate's approval. This Court found sealing to be appropriate since it supported the goal of Arts and Cultural Affairs Law § 35.03 of encouraging parties to enter into contracts beneficial to the infant. Under the particular circumstances of that case, it also found that it was in the best interests of the infant and his family. That disclosure of the details of the contract could give the movie studio's competitors an advantage and could disadvantage it in future negotiations with other artists was also noted.

Here, absent any of the factors generally considered on such a request, the mere fact that embarrassing allegations may be made against the fiduciaries or their attorneys in opposition to their request for attorneys' fees, even if ultimately found to be without merit, is not a sufficient basis for a sealing order. The Attorney General's point is well taken that judicial proceedings, particularly where the propriety of acts of fiduciaries and their attorneys are in question, are matters of legitimate public concern.

Finally, movants contend that the proceeding before the Surrogate is one to fix counsel fees and expenses for services

rendered to the preliminary executors and that the only relevant issue is whether the fees charged and expenses incurred were reasonable, based upon the attorneys' affidavit of services. Any such award, however, is obviously dependent upon a finding that such services were necessary and beneficial to the estate. A finding of bad faith on the part of a preliminary executor in propounding a will has been found to preclude recovery of his attorneys' fees (*see, Matter of Winckler*, 234 AD2d 307, 309).

Accordingly, the order of the Surrogate's Court, New York County (Eve Preminger, S.), entered on or about February 2, 2001, which, to the extent presently appealed from, denied movants-appellants' motion pursuant to 22 NYCRR 216.1 to seal certain documents which are proposed to be filed by respondents as executors of the estate, should be affirmed, without costs.

SULLIVAN, P. J., TOM and MARLOW, JJ., concur.

Order, Surrogate's Court, New York County, entered on or about February 2, 2001, affirmed, without costs.