Orders, Surrogate’s Court, New York County (Kristin Booth Glen, S.), entered on or about September 19, 2012, which denied the petitions of Sebastian Ibezim, Jr., Esq. and Okechukwu Valentine Nnebe, Esq. (appellants) for attorneys’ fees and expenses pursuant to Surrogate’s Court Procedure Act § 2110, unanimously affirmed, without costs, and without prejudice to bringing a future petition if Surrogate’s Court decides that Victoria A. is not a distributee.
It was not an improvident exercise of the Surrogate’s discretion (see Matter of Hyde, 15 NY3d 179, 186 n 5 [2010]) to deny the subject petitions. An award of counsel fees and expenses is “dependent upon a finding that [counsel’s] services were necessary and beneficial to the estate” (Matter of Hofmann, 284 AD2d 92, 95 [1st Dept 2001]). It is true that “benefit is not limited solely to a monetary increase in the estate value. For example, establishing the kinship of distributees of the decedent has been considered a benefit to the estate” (Matter of Poletto, 31 Misc 3d 1206[A], 2011 NY Slip Op 50504[U], *4 [Sur Ct, Monroe County 2011]). However, up to this point, the Surrogate’s Court has made no order establishing whether or not Victoria A. is a distributee. Accordingly, appellants’ arguments about whether comity should be accorded the Nigerian court decisions about Victoria’s marriage to decedent are premature.
In light of our finding that appellants have not established that their services benefited the estate, it is unnecessary to *551 consider their contention that their client did not act in bad faith.
Concur—Mazzarelli, J.R, Andrias, DeGrasse, ManzanetDaniels and Feinman, JJ.