**RedHill Biopharma Ltd. v Kukbo Co., Ltd.**

2024 NY Slip Op 32846(U)

August 13, 2024

Supreme Court, New York County

Docket Number: Index No. 653200/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON

*Justice*

PART     61M

---------------------------------------------------------------------X

REDHILL BIOPHARMA LTD.,

Plaintiff,

- v -

KUKBO CO., LTD.,

Defendant.

---------------------------------------------------------------------X

INDEX NO.     653200/2022

MOTION DATE

MOTION SEQ. NO.     009 012 014 015

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 009) 211, 212, 213, 215 were read on this motion to/for _____ SEAL _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 217, 218, 219, 220 were read on this motion to/for _____ SEAL _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 312, 313, 314, 315, 316 were read on this motion to/for _____ SEAL _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 015) 443, 444, 445, 446, 447 were read on this motion to/for _____ SEAL _____ .

## I.     INTRODUCTION

In this breach of contract action arising from the development and planned commercialization of "Opaganib", a Covid-19 medication, the plaintiff, RedHill Biopharma Ltd. ("RedHill"), moves by order to show cause pursuant to 22 NYCRR 216.1(a) to redact certain documents filed in support of its motion for summary judgment, MOT SEQ 010, and its motion for sanctions, MOT SEQ 011 (MOT SEQ 009 [NYSCEF Doc. Nos. 131, 133, 165-68] and MOT SEQ 012 [NYSCEF Doc. Nos. 130, 134-36, 138, 141-42, 144-49, 151-53, 163, 171, 183-84, 197-99, 201-06]). Additionally, the defendant, Kukbo Co., Ltd. ("Kukbo"), moves by order to show cause pursuant to 22 NYCRR 216.1(a) to seal or redact certain documents filed in support of its own motion for partial summary judgment, MOT SEQ 013 (MOT SEQ 014 [NYSCEF Doc. Nos. 228, 233-38, 242, 244-45, 247-50, 252-54, 257-59, 261-63, 265-67, 269-73, 275-76, 280-

**653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**
**Motion No.  009 012 014 015**

**Page 1 of 10**

86, 301]), and in opposition to RedHill's summary judgment motion (MOT SEQ 015 [NYSCEF Doc. Nos. 379, 385, 387-91, 394-95, 397-99, 403, 407, 409, 411-12, 415-20, 424-26, 429, 440]). Kukbo, in MOT SEQ 15, also seeks to unseal certain documents filed in opposition to RedHill's summary judgment motion (NYSCEF Doc. Nos. 386, 396, 404, 406, 408, 413, 427), which were filed temporarily under seal pursuant to the parties' so-ordered Stipulation and Order for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation") (see NYSCEF Doc. No. 86), and to allow for the public filing of these documents without redaction. The court granted the parties' requests for TROs to keep the subject documents temporarily under seal pending a decision on the instant motions. The motions are all unopposed. MOT SEQ 009 is denied, MOT SEQ 012 is granted, and MOT SEQ 014 and 015 are granted in part.

## II.     DISCUSSION

22 NYCRR 216.1(a) provides that "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." "[P]ublic access to court proceedings is strongly favored, both as a matter of constitutional law (Richmond Newspapers v Virginia, 448 U.S. 555 [1980]) and as a statutory imperative (Judiciary Law § 4)." Anonymous v Anonymous, 158 AD2d 296, 297 (1st Dept. 1990); see also Herald Co. v Weisenberg, 59 NY2d 378 (1983) (closure of courtroom). Moreover, "the public interest in openness is particularly important on matters of public concern, even if the issues arise in the context of a private dispute." Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd., 274 AD2d 1, 7 (1st Dept. 2000). Accordingly, the Appellate Division, First Department, has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records." Mosallem v Berenson, 76 AD3d 345, 348 (1st Dept. 2010). Because "confidentiality is clearly the exception, not the rule" (Matter of Hofmann, 284 AD2d 92, 93–94 [1st Dept. 2001]), that Court has authorized sealing "only in strictly limited circumstances" (Gryphon Dom. VI, LLC v APP Intl. Fin. Co., 28 AD3d 322, 325 [1st Dept. 2006]; see Mosallem v Berenson, supra).

As stated, in any application to seal court records, the burden is on the party seeking sealing to establish "good cause." 22 NYCRR 216.1(a). "Since there is no absolute definition, a finding of good cause, in essence, 'boils down to … the prudent exercise of the court's

653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.
Motion No.  009 012 014 015

Page 2 of 10

[* 2]

discretion.'" Applehead Pictures, LLC v Perelman, 80 AD3d 181, 192 (1st Dept. 2010), quoting Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 (2nd Dept. 2007) (some internal quotation marks and citation omitted). In the business context, good cause may be established "where trade secrets are involved (Matter of Crain Communications, Inc., 135 AD2 351, 352 [1st Dept. 1987]), or where the release of documents could threaten a business's competitive advantage." Mosallem v Berenson, supra at 350, citing Matter of Twentieth Century Fox Film Corp., 190 AD2d 483, 488 (1st Dept. 1993); see Vergara v Mission Capital Advisors, LLC, 187 AD3d 495 (1st Dept. 2020); Matter of Bernstein v On-Line Software Inter. Inc., 232 AD2d 336 (1st Dept. 1996) lv denied 89 NY2d 810 (1997). However, these circumstances are the exception, not the rule.

"Conclusory claims of the need for confidentiality … [are] not … sufficient bas[es] for a sealing order" (Matter of Hofmann, supra at 93-94), and "the court will not approve wholesale sealing of [court] papers, even when both sides to the litigation request sealing" (Applehead Pictures, LLC v Perelman, supra [citations omitted]; see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., supra; Liapakis v Sullivan, 290 AD2d 393 (1st Dept. 2002); Matter of Hofmann, supra). That is, a party's own "designation of the materials as confidential or highly confidential is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." Eusini v Pioneer Electronics (USA), Inc., 29 AD3d 623, 625 (2nd Dept. 2006); see Mosallem v Berenson, supra. Even where there is a proper basis for sealing, redaction is favored over sealing of an entire document or record. See Vergara v Mission Capital Advisors, LLC, supra; Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd., supra.

The parties have shown "good cause" for sealing to the extent indicated below.

A. Motion Sequence 009

In MOT SEQ 009, RedHill seeks to redact exhibits D and F to the affirmation of Adi Frish (the "Frish Aff.") in support of its motion for summary judgment (NYSCEF Doc. Nos. 131 and 133) and exhibits GG-JJ to the affirmation of Gilead Raday (the "Raday Aff.") in support of said summary judgment motion (NYSCEF Doc. Nos. 165-68). Exhibits D and F to the Frish Aff. and exhibit JJ to the Raday Aff. are internal RedHill emails. Exhibits GG-II of the Raday Aff. are letters to RedHill from various European and American regulatory agencies. RedHill contends redaction of these documents is warranted because they contain "commercially sensitive and

**653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**
**Motion No.  009 012 014 015**

**Page 3 of 10**

3 of 10

proprietary information related to the development of Opaganib," as well as other drugs not at issue in this action, the disclosure of which would harm its competitive interests, and because these documents were designated as "highly confidential" pursuant to the parties' so-ordered Confidentiality Stipulation.

To be sure, courts have found a compelling interest in the non-disclosure of trade secrets (see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., supra; Crain Comm., Inc. v Hughes, 135 AD2d 351 [1st Dept. 1987]), and in sealing information that is "proprietary" because it relates to "the nature of current or future business strategies," such that disclosure "could harm [a] private corporation's competitive standing" (Mancheski v Gabelli Group Capital Partners, supra at 502-03). Here, however, RedHill fails to meet its burden of demonstrating "good cause" to redact the subject documents. Other than a memorandum of law in support of its redaction request, the motion is accompanied solely by an attorney affirmation that merely reiterates the same contentions made in the memorandum of law. No affidavits are submitted by persons with personal knowledge of the purportedly sensitive, confidential, and proprietary matters discussed in the subject documents RedHill seeks to redact. Instead, RedHill offers mere conclusory assertions, without any meaningful explanation, that the information contained in the subject documents is "commercially sensitive and proprietary", and that its disclosure would harm RedHill's competitive standing. However, such "[c]onclusory claims of the need for confidentiality … [are] not … sufficient bas[es] for a sealing order." Matter of Hofmann, supra at 93-94.

Likewise, the fact that the subject documents were previously designated confidential pursuant to the so-ordered Confidentiality Stipulation entered in this action pertaining to the production of purportedly confidential documents in discovery "is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." Eusini v Pioneer Electronics (USA), Inc., supra; see Mosallem v Berenson, supra. Indeed, the so-ordered Confidentiality Stipulation on which RedHill relies expressly provides that documents previously designated as confidential by one of the parties, if filed with the court, must be filed in redacted form "until the Court renders a decision on any motion to seal[,]" and that, if no sealing motion is made or the motion to seal is denied, the party making the filing "shall take steps to replace the Redacted Filing with its corresponding unredacted version." See NYSCEF Doc. No. 86, ¶¶ 13(a) & (c).

**653200/2022  REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**                **Page 4 of 10**
**Motion No.  009 012 014 015**

[* 4]                                                4 of 10

Given these deficiencies, and the obvious public interest in matters pertaining to the development and commercialization of pharmaceutical drugs for the treatment of Covid-19 (see Matter of Arb. Between Cyprium Therapeutics, Inc. & Curia Glob., Inc., 223 AD3d 1042, 1044–45 [3rd Dept. 2024] [compelling public interest in open access to proceeding "pertaining to the manufacture and commercialization of a lifesaving drug"]), RedHill has not met its burden of establishing good cause to overcome the general presumption of open access. MOT SEQ 009 is therefore denied.

B. Motion Sequence 012

In MOT SEQ 012, RedHill seeks to redact exhibits C, G-I, K, N-O, Q-V, X-Z, and FF to the Frish Aff. in support of its motion for summary judgment, and exhibit LL to the affirmation of Rebecca Schwarz, also in support of said summary judgment motion (NYSCEF Doc. Nos. 130, 134-36, 138, 141-42, 144-49, 151-53, 163, 171), as well as exhibits A-B, O-Q, and S-W of Schwarz's affirmation in support of RedHill's sanctions motion and RedHill's memorandum of law in support of said sanctions motion (NYSCEF Doc. Nos. 183-84, 197-99, 201-06). Exhibit LL to Schwarz's affirmation in support of RedHill's summary judgment motion is the deposition transcript of Young Seok Kim, a Kukbo corporate representative. The remainder of the subject exhibits consist of email communications between the parties and/or certain third parties. RedHill's memorandum of law in support of its sanctions motion references Kim's deposition transcript.

RedHill contends the redactions it proposes to these documents are narrowly tailored to remove the personal email addresses of Kukbo employees and other Korean nationals, as purportedly required by the Korean Personal Information Protection Act. The court finds there is good cause for these redactions to prevent the disclosure of information that "could impinge on the privacy rights of third parties who clearly are not litigants herein." Mancheski v Gabelli Group Capital Partners, supra at 502. Therefore, MOT SEQ 012 is granted.

C. Motion Sequence 014

In MOT SEQ 014, Kukbo seeks: (1) to redact exhibit 4 to the affirmation of Young Seok Kim, dated May 28, 2024, in support of its motion for partial summary judgment (NYSCEF Doc. No. 228) and exhibits 8, 12-13, 17, 19, 23-24, 27-29, 32-33, 40-41, 45, 47, 50-51, 55-58, and 76 to the affirmation of Somin Jun, dated May 28, 2024, in support of said partial summary judgment motion (NYSCEF Doc. Nos. 233, 237-38, 242, 244, 248-49, 252-54, 257-58, 265-66,

**653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**                    **Page 5 of 10**
**Motion No.  009 012 014 015**

5 of 10

[* 5]

270, 272, 275-76, 280-83, 301); (2) to seal exhibits 9-11, 20, 22, 25, 34, 36-38, 42, 44, 46, 48, and 59-61 to the Jun affirmation (NYSCEF Doc. Nos. 234-36, 245, 247, 250, 259, 261-63, 267, 269, 271, 273, 284-86); and (3) an order directing the parties to seal and redact future submissions containing or referencing the above exhibits in any public filings with the court.

Exhibit 4 to the Kim affirmation and exhibits 8, 12-13, 17, 19, 23-24, 27-29, 32, 40-41, 45, 47, 50-51, 55, 57-58, and 76 to the Jun affirmation are emails between the parties. Exhibit 33 to the Jun affirmation is a letter to RedHill from a European regulatory agency. Kukbo seeks redaction of these documents solely to protect from public disclosure the personal email addresses of Kukbo employees and other Korean nationals, as purportedly required by the Korean Personal Information Protection Act. For the same reason stated above in connection with MOT SEQ 012, the court finds there is good cause for these redactions. Therefore, MOT SEQ 014 is granted to the extent it seeks redactions of personal email addresses contained in NYSCEF Doc. Nos. 228, 233, 237-38, 242, 244, 248-49, 252-54, 257-58, 265-66, 270, 272, 275-76, 280, 282-83, and 301. Future submissions containing or referencing the above exhibits in any public filings with the court shall likewise be redacted to remove personal email addresses.

Exhibits 9, 11, 20, 22, 25, 34, 37-38, 42, 44, 46, 48, 56, and 59-61 to the Jun affirmation are emails between the parties and/or third parties, as well as internal RedHill emails. Exhibit 10 to the Jun affirmation is a notice for a meeting of RedHill's board of directors. Exhibit 36 to the Jun affirmation is a copy of a letter sent to RedHill by the U.S. Food & Drug Administration. Kukbo contends that redaction of exhibit 56 and the sealing of the remainder of these exhibits is warranted to protect from public disclosure RedHill's "proprietary information" and "trade secrets" related to the development of Opaganib and other drug products, and because these documents were designated as "highly confidential" pursuant to the parties' so-ordered Confidentiality Stipulation. However, Kukbo fails to meet its burden of demonstrating "good cause" to redact or seal these documents. Kukbo's motion is supported solely by a memorandum of law and an attorney affirmation, both of which make the same basic contentions. No affidavits are submitted by persons with personal knowledge of the purportedly highly confidential and proprietary trade secrets discussed in the subject documents that Kukbo seeks to redact or seal on RedHill's behalf. Instead, Kukbo offers mere conclusory assertions, without any explanation, that the information contained in the subject documents is "highly confidential" and "proprietary" trade secrets. However, such "[c]onclusory claims of the need for

**653200/2022 REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**
**Motion No. 009 012 014 015**

**Page 6 of 10**

6 of 10

confidentiality ... [are] not ... sufficient bas[es] for a sealing order." Matter of Hofmann, supra at 93-94.

Likewise, for the reasons already stated in connection with MOT SEQ 009, the fact that the subject documents were previously designated confidential pursuant to the so-ordered Confidentiality Stipulation entered in this action pertaining to the production of purportedly confidential documents in discovery "is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." Eusini v Pioneer Electronics (USA), Inc., supra; see Mosallem v Berenson, supra.

Therefore, MOT SEQ 014 is denied to the extent it seeks to redact and/or seal NYSCEF Doc. Nos. 234-36, 245, 247, 250, 259, 261-63, 267, 269, 271, 273, 281, and 284-86.

D. Motion Sequence 015

In MOT SEQ 015, Kukbo seeks: (1) to redact exhibit 4 to the affirmation of Young Seok Kim, dated June 11, 2024, in opposition to RedHill's summary judgment motion (NYSCEF Doc. No. 379) and exhibits 11-12, 15, 18, 21-23, 27, 33, 35-36, 39, 42, 44, 48-50, 53, and 64 to the affirmation of Somin Jun, dated June 11, 2024, also in opposition to RedHill's summary judgment motion (NYSCEF Doc. Nos. 387-88, 391, 394, 397-99, 403, 409, 411-12, 415, 418, 420, 424-26, 429, 440); (2) to seal exhibits 9, 13-14, 19, 31, 40-41, and 43 to the Jun affirmation (NYSCEF Doc. Nos. 385, 389-90, 395, 407, 416-17, 419); (3) an order directing the parties to seal and redact future submissions containing or referencing the above exhibits in any public filings with the court; and (4) to unseal exhibits 10, 20, 28, 30, 32, 37, and 51 to the Jun affirmation (NYSCEF Doc. Nos. 386, 396, 404, 406, 408, 413, 427), which were filed temporarily under seal pursuant to the parties' so-ordered Confidentiality Stipulation, and to allow for the public filing of these documents without redaction.

The redactions sought to NYSCEF Doc. Nos. 379, 387-88, 391, 394, 397-99, 403, 409, 411-12, 415, 418, 420, 424-26, 429, and 440 are narrowly tailored to protect from public disclosure the personal email addresses of Kukbo employees and other Korean nationals, as well as certain bank account information. The court finds there is good cause for these redactions to prevent the disclosure of information that "could impinge on the privacy rights of third parties who clearly are not litigants herein" (Mancheski v Gabelli Group Capital Partners, supra at 502), and because there is a compelling interest in preventing the potentially harmful

653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.
Motion No.  009 012 014 015

Page 7 of 10

disclosure of bank account details.  Therefore, MOT SEQ 015 is granted to the extent is seeks redactions of personal email addresses and financial account information contained in NYSCEF Doc. Nos. 379, 387-88, 391, 394, 397-99, 403, 409, 411-12, 415, 418, 420, 424-26, 429, and 440.  Future submissions containing or referencing the above exhibits in any public filings with the court shall likewise be redacted to remove personal email addresses and financial account information.

The sealing of NYSCEF Doc. Nos. 385, 389-90, 395, 407, 416-17, and 419 is sought to protect from public disclosure RedHill's "highly confidential and proprietary trade secrets[,]" and because these documents were designated as "highly confidential" pursuant to the parties' so-ordered Confidentiality Stipulation.  However, Kukbo fails to meet its burden of demonstrating "good cause" to seal these documents.  Like MOT SEQ 014, this motion is also supported solely by a memorandum of law and an attorney affirmation, both of which make the same conclusory assertions.  No affidavits are submitted by persons with personal knowledge of the purportedly highly confidential and proprietary trade secrets discussed in the subject documents that Kukbo seeks to seal on RedHill's behalf.  Instead, Kukbo offers mere conclusory assertions, without any explanation, that the information contained in the subject documents is "highly confidential and proprietary trade secrets."  However, such "[c]onclusory claims of the need for confidentiality … [are] not … sufficient bas[es] for a sealing order."  Matter of Hofmann, supra at 93-94.  Likewise, for the same reasons already stated above, the fact that the subject documents were previously designated confidential pursuant to the so-ordered Confidentiality Stipulation entered in this action pertaining to the production of purportedly confidential documents in discovery "is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1."  Therefore, MOT SEQ 015 is denied to the extent it seeks to seal NYSCEF Doc. Nos. 385, 389-90, 395, 407, 416-17, and 419.

MOT SEQ 015 is granted to the extent it seeks to unseal NYSCEF Doc. Nos. 386, 396, 404, 406, 408, 413, and 427, and to allow for the public filing of these documents without redaction.  Pursuant to the parties' so-ordered Confidentiality Stipulation, RedHill, as the party that produced these documents in discovery, was required to move to permanently seal or redact these documents within seven (7) days after they were filed by Kukbo with temporary redactions.  See NYSCEF Doc. No. 86, ¶ 13(a).  Indeed, the Confidentiality Stipulation expressly provides that, "[i]f the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party . . . making the filing shall take steps to replace the Redacted

**653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**
**Motion No.  009 012 014 015**

**Page 8 of 10**

[* 8]

Filing with its corresponding unredacted version." Id. The exhibits that Kukbo seeks to unseal were filed in redacted form on June 11, 2024. RedHill did not timely move to seal or redact these exhibits. As such, this branch of Kukbo's motion is academic because the subject documents are already subject to filing without redaction pursuant to the express terms of the so-ordered Confidentiality Stipulation.

On July 22, 2024, RedHill did, belatedly, file a proposed order to show cause, together with a memorandum of law and attorney affirmation, seeking to redact the same documents Kukbo requests to unseal and file without redaction (MOT SEQ 016), which RedHill denominates in its papers as a cross-motion to MOT SEQ 015. The court has not signed RedHill's proposed OSC, but even if the court were to consider RedHill's submissions in support of MOT SEQ 016, either as a partial opposition to MOT SEQ 015 or as a cross-motion, RedHill does not demonstrate good cause to seal or redact these documents. RedHill's submissions in support of MOT SEQ 016 consist solely of a memorandum of law and an attorney affirmation, both of which merely point to the designation of the subject documents as confidential pursuant to the parties' Confidentiality Stipulation and proffer the same conclusory assertions that these documents contain commercially sensitive" and "proprietary" business information, though no explanation is given as to how a competitor could use any of the information in the subject documents against RedHill or how RedHill would be otherwise harmed by this information's disclosure. For the same reasons already discussed above, neither the designation of these documents as confidential pursuant to the Confidentiality Stipulation nor RedHill's conclusory claims of the need for confidentiality suffice to demonstrate the requisite good cause to seal. See Eusini v Pioneer Electronics (USA), Inc., supra; Mosallem v Berenson, supra; Matter of Hofmann, supra.

III.    CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that MOT SEQ 009 is denied, MOT SEQ 012 is granted, and MOT SEQ 014 and 015 are granted to the extent set forth herein and are otherwise denied; and it is further

ORDERED that service upon the Clerk of the Court of this order shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk*

**653200/2022   REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**
**Motion No.  009 012 014 015**

**Page 9 of 10**

9 of 10

*Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further.

ORDERED that the Clerk of the Court is directed, upon service upon him of a copy of this order with notice of entry, to permanently seal to all parties except counsel, the court, and court personnel the unredacted copies of the documents efiled at NYSCEF Doc. Nos. 130, 134-36, 138, 141-42, 144-49, 151-53, 163, 171, 183-84, 197-99, 201-06, 228, 233, 237-38, 242, 244, 248-49, 252-54, 257-58, 265-66, 270, 272, 275-76, 280, 282-83, 301, 379, 387-88, 391, 394, 397-99, 403, 409, 411-12, 415, 418, 420, 424-26, 429, and 440; and it is further

ORDERED that the Clerk of the Court is directed to accept for filing the redacted copies of the sealed documents available for viewing by the public via NYSCEF, with the redactions limited to those approved herein.

This constitutes the Decision and Order of the court.

| 8/13/2024 | | NANCY M. BANNON, J.S.C. |
|-----------|---|-------------------------|
| DATE | | |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION
☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER
APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER
CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**653200/2022 REDHILL BIOPHARMA LTD. vs. KUKBO CO., LTD.**
**Motion No. 009 012 014 015**

Page 10 of 10

10 of 10