| |
|---|
| **BR Fund IV Acq Inv, LLC v Brightwood Capital Fund III** |
| 2024 NY Slip Op 33314(U) |
| September 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651756/2024 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARGARET A. CHAN**            PART            **49M**

*Justice*

---------------------------------------------------------------X

BR FUND IV ACQ INV, LLC, BR FUND V ACQ INV, LLC,

|                                        |                                                  |
|----------------------------------------|--------------------------------------------------|
| Plaintiffs,                            | INDEX NO.          651756/2024                   |
|                                        |                                                  |
| - v -                                  | MOTION DATE    04/22/2024, 04/25/2024, 05/31/2024 |
|                                        |                                                  |
|                                        | MOTION SEQ. NO.    001 003 004                   |

BRIGHTWOOD CAPITAL FUND III-INSTITUTIONAL, LP,
BRIGHTWOOD CAPITAL FUND III, LP, BRIGHTWOOD
CAPITAL FUND III-U, LP, BRIGHTWOOD CAPITAL FUND
MANAGERS III, LLC, BRIGHTWOOD CAPITAL FUND III-
INSTITUTIONAL HOLDING CORP., BRIGHTWOOD
CAPITAL FUND III HOLDINGS, LP, AND BRIGHTWOOD
FUND III-C, LP,

**DECISION + ORDER ON
MOTION**

Defendants.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 73

were read on this motion to/for                                 SEAL                                 .


The following e-filed documents, listed by NYSCEF document number (Motion 003) 39, 40, 42, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71

were read on this motion to/for                                 SEAL                                 .


The following e-filed documents, listed by NYSCEF document number (Motion 004) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 109

were read on this motion to/for                                 SEAL                                 .


In this breach of contract action related to plaintiffs' investment in defendants' continuation fund, defendants Brightwood Capital Fund III-Institutional, LP *et al.* (Brightwood) move to seal documents in Motion Sequences 001, 003, and 004. Plaintiffs BR Fund IV Acq Inv, LLC and BR Fund V Acq Inv, LLC (Banner Ridge) oppose the motion.

## MS 001

Defendants move, by order to show cause, to seal Exhibits 1 and 2 of the Complaint (NYSCEF #s 3 and 4) and to replace them with redacted versions attached as Exhibits A and B to the Affirmation of Sengal Selassie (NYSCEF #s 17 and 18). Exhibit 1 is the Transaction Agreement between the parties, and Exhibit 2, the Letter Agreement (together, Transaction Documents). Plaintiffs oppose this motion.

**651756/2024   BR FUND IV ACQ INV, LLC, ET AL vs. BRIGHTWOOD CAPITAL FUND III-
INSTITUTIONAL, LP, ET AL
Motion No.  001 003 004**

**Page 1 of 4**

1 of 4

Defendants note that the documents reveal commercially-sensitive information that Brightwood guarded closely and never intended to be public, including detailed information regarding Brightwood's business structure, business and tax-planning strategies, internal finances and valuation, the identity of the companies in Brightwood's private investment portfolio, the identity of non-parties who provide financing to Brightwood, amounts and formulas for calculating pricing in the transaction, detailed formulas for the distribution of investment proceeds to investors, and information regarding the amounts and calculation of Brightwood's management fees (*id.* at 5). Defendants argue that the disclosure of such information to the public will cause commercial and competitive harm to Brightwood and there is no overriding public interest in the detailed terms of the transactions between private investment funds (*id.*). Defendants also point out that the Transaction Agreement contained a confidentiality provision and plaintiffs' filing thereof on a public docket breached that provision (*id.* at 2).

Plaintiffs on the other hand argue that no "good cause" exists to partially seal the Transaction Documents and that such documents are central to Banner Ridge's breach of contract claim against Brightwood. Plaintiff also argues that the confidentiality provision in the Transaction Agreement does not apply because the Transaction Agreement only requires that the Transaction Agreement remain confidential "except as required by [l]aw" (NYSCEF # 73 – Dfts' MOL at 3). Plaintiffs also point out that the Letter Agreement contains no such provision (*id.*). Plaintiffs argue that defendants fail to substantiate their assertions that such disclosures will harm defendants (*id.* at 2–3). Plaintiffs also note that Banner Ridge filed the Exhibits on April 4, but Banner Ridge did not have them removed from the public docket until two weeks later on April 19 (*id.* at 5).

MS 003

Along with their submission of the Affirmation of Brandon Fetzer in Support of the Plaintiffs' Order to Show Cause for a Preliminary Injunction (NYSCEF # 46), plaintiffs filed 11 exhibits under provisional seal (NYSCEF # 28–38 and # 47–57). Plaintiffs assert that while they remained unconvinced that there is good cause to seal the exhibits attached to the Fetzer Affirmation, they filed the documents under seal as a precautionary measure since the information therein was similar to that in the pending Motion Sequence 001 (NYSCEF # 40 at 2). Plaintiffs also submitted a proposed Order to Show Cause, requesting that the court require defendants to explain why the exhibits should remain under seal. In response, defendants filed papers to support a partial sealing of nine of the documents and provided redacted versions of exhibits B through H (NYSCEF #s 63–69) and J through K (NYSCEF #s 70 and 71) of the Fetzer Affirmation.

Defendants contend that the exhibits contain information similar to that in Motion Sequence 001 (NYSCEF # 61 – Dfts' MOL at 4–5). Specifically, the exhibits to the Fetzer Affirmation include emails and attachments that disclose confidential, commercially sensitive details regarding Brightwood's valuation, balance sheets, the identities of companies in its private investment portfolio, the identities of non-parties who provide financing to Brightwood (along with the amounts of financing), and the financial terms of private transactions, including pricing formulas, distribution of investment proceeds, and Brightwood's management fees and discounts (*id.*). Defendants argue that public disclosure of this information would place them at a competitive disadvantage by allowing competing funds, investors, and market counterparties to access detailed, confidential business and

**651756/2024  BR FUND IV ACQ INV, LLC, ET AL vs. BRIGHTWOOD CAPITAL FUND III-INSTITUTIONAL, LP, ET AL**
**Motion No.  001 003 004**

**Page 2 of 4**

financial information, including the terms on which Brightwood enters agreements with other parties (*id.*).

MS 004

Defendants move, by order to show cause, to seal exhibits A, C, D, F, G, H, J, K and M to the Affirmation of Sengal Selassie in Opposition to Plaintiffs' Application for a Preliminary Injunction (Selassie Affirmation) (NYSCEF #s 77, 79, 80, 82, 83, 84, 86, 87, and 89). Defendants also filed redacted versions of these exhibits to the motion (NYSCEF #s 93–101).

Because of the similarities between the materials in Motion Sequences 003 and 004, the parties make almost identical arguments in support and in opposition of their sealing.

## Discussion

Under New York law, there is a presumption that the public has a right to access judicial proceedings and court records (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010], citing *Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 501 [2d Dept 2007]). However, this right is not absolute (*Danco Labs v Chemical Works of Gedeon Richter*, 274 AD3d 1, 8 [1st Dept 2000]). A court can seal or redact court records under section 216.1(a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (22 NYCRR 216.1[a]). At the same time, "[c]onfidentiality is clearly the exception, not the rule" (*Matter of Hoffman*, 284 AD2d 92, 93 – 94 [1st Dept 2001]), and the party seeking to seal court records must demonstrate compelling circumstances justifying restricted public access (*Mancheski*, 39 AD3d at 502).

Upon review of the documents sought to be sealed and the defendants' proposed redactions, together with plaintiffs' opposition to sealing, the court finds good cause exists under 216.1 of the Uniform Rules of Trial Courts for sealing all of the proposed documents, except for the Letter Agreement (NYSCEF # 4) (*see Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992] [sealing is warranted in the absence of "any legitimate public concern, as opposed to mere curiosity, to counter-balance the interest [a business'] partners and clients have in keeping their financial arrangements private"]; *D'Amour v Ohrenstein & Brown, LLP*, 17 Misc 3d 1130[A], *20 [Sup Ct, NY County 2007] ["[s]ealing a court file may be appropriate to preserve the confidentiality of materials which involve the internal finances of a party and are of minimal public interest"]). Here, defendants are primarily seeking to partially seal confidential financial information and the names of non-parties. In those instances in which defendants seek to seal information that is already public-facing in the Complaint, as such information goes to the parties' central arguments, good cause was not sufficiently established.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' motions to seal (MS 001, MS 003, and MS 004) are granted in part and denied in part; and it is further

**651756/2024   BR FUND IV ACQ INV, LLC, ET AL vs. BRIGHTWOOD CAPITAL FUND III-INSTITUTIONAL, LP, ET AL**
**Motion No.  001 003 004**

**Page 3 of 4**

ORDERED that the Clerk of the Court is directed, upon service upon the clerk of a copy of this Decision and Order with notice of entry, to seal the following NYSCEF documents: 3, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 77, 79, 80, 82, 83, 84, 86, 87, 89; and it is further

ORDERED that until further order of the court, the Clerk of the Court shall deny access to those documents (NYSCEF #s 3, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 77, 79, 80, 82, 83, 84, 86, 87, 89) to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this action, any party, and any representative of the counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel and appropriate identification; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

| | |
|---|---|
| **9/19/2024** | |
| **DATE** | **MARGARET A. CHAN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651756/2024 BR FUND IV ACQ INV, LLC, ET AL vs. BRIGHTWOOD CAPITAL FUND III-INSTITUTIONAL, LP, ET AL**
**Motion No. 001 003 004**

**Page 4 of 4**

[* 4]

4 of 4