## Ralph Lauren Retail, Inc. v 888 Madison LLC

2025 NY Slip Op 30033(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 652718/2021

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   <u>**HON. NANCY M. BANNON**</u>   **PART**        **61M**

                                                    *Justice*

------------------------------------------------------------------------------X

RALPH LAUREN RETAIL, INC., and RALPH LAUREN
CORPORATION,

                                        Plaintiffs,

                        - v -

888 MADISON LLC,

                                        Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652718/2021 |
| **MOTION DATE** | 09/20/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241

were read on this motion to/for                      <u>                  SEAL                  </u>.

In this action for rescission or reformation of a commercial lease, the plaintiffs move by order to show cause pursuant to 22 NYCRR 216.1 to seal or, in the alternative, redact exhibits 1-7, 9, 12, 18-20, 25, and 28-31 (NYSCEF Doc. Nos. 142-48, 150, 153, 159-161, 166, 170-173) filed in support of the plaintiffs' pending motion for summary judgment and exhibits D-F, J-M, U, MM, QQ-VV and XX (NYSCEF Doc. Nos. 87-89, 93-96, 104, 122, 126-131, 133) filed in support of the defendant's pending summary judgment motion (collectively, the "Confidential Exhibits"), as well as the plaintiffs' memorandum of law in support of their summary judgment motion (NYSCEF Doc. No. 206). By order dated August 7, 2024, the court granted the plaintiffs' request for a temporary restraining order to maintain the Confidential Exhibits and the plaintiffs' memorandum of law under seal or in redacted form, as applicable, pending a decision on the present motion. The defendant opposes the motion. The motion is denied.

Pursuant to 22 NYCRR 216.1(a), "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records." <u>Mosallem v Berenson</u>, 76 AD3d 345, 348 (1st Dept. 2010). Because "confidentiality is clearly the exception, not the rule" (<u>Matter</u>

**652718/2021   RALPH LAUREN RETAIL, INC. ET AL vs. 888 MADISON LLC**          **Page 1 of 4**
  **Motion No.  002**

[* 1]

of Hofmann, 284 AD2d 92, 93–94 [1st Dept. 2001]), the First Department has authorized sealing "only in strictly limited circumstances." Gryphon Dom. VI, LLC v APP Intl. Fin. Co., 28 AD3d 322, 325 (1st Dept. 2006); see Mosallem v Berenson, supra. The burden is on the party seeking to seal court records to establish "good cause." Maxim, Inc. v Feifer, 145 AD3d 516, 517 (1st Dept. 2017). "Conclusory claims of the need for confidentiality … [are] not … sufficient bas[es] for a sealing order" (Matter of Hofmann, supra at 93-94), and "the court will not approve wholesale sealing of [court] papers, even when both sides to the litigation request sealing." Applehead Pictures, LLC v Perelman, 80 AD3d 181, 192 (1st Dept. 2010) (citations omitted); see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., supra; Liapakis v Sullivan, 290 AD2d 393 (1st Dept. 2002); Matter of Hofmann, supra.

In the business context, good cause may be established where trade secrets are involved (see Matter of Bernstein v On-Line Software Inter. Inc., 232 AD2d 336 [1st Dept. 1996] lv denied 89 NY2d 810 (1997); Matter of Crain Communications, Inc., 135 AD2d 351 [1st Dept. 1987]) or "where the release of documents could threaten a business's competitive advantage. (Matter of Twentieth Century Fox Film Corp., supra at 488)." Mosallem v Berenson, supra at 350; see Vergara v Mission Capital Advisors, LLC, 187 AD3d 495 (1st Dept. 2020); Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 (2nd Dept. 2007). In Mancheski, the Appellate Division upheld the sealing of certain of the defendant's financial documents which contained proprietary financial information because "disclosure could harm the private corporation's competitive standing" and "give a competitor an unearned advantage" and also found a "compelling interest in sealing ... third-party financial information since disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein." Mancheski v Gabelli Group Capital Partners, supra at 502-03 (internal citations omitted).   That is not the case here.

The Confidential Exhibits consist of the parties' lease agreement and two modifications thereto (NYSCEF Doc. Nos. 87-89, 142-44); emails between the plaintiffs' employees discussing financial details of the lease and its modifications (NYSCEF Doc. Nos. 104, 122, 133, 145-48, 150, 153, 159, 161); copies of an identical letter sent by the plaintiffs to several of their employees concerning an error in a third lease modification and the financial repercussions thereof, as well as deposition transcripts of these employees discussing the letters (NYSCEF Doc. Nos. 93-96, 128-29, 130-31, 160, 170-73); and copies of the plaintiffs' internal audit report concerning the lease modification error and an audit committee presentation discussing the findings of the internal audit report (NYSCEF Doc. Nos. 126-27, 166). The plaintiffs principally contend that sealing or redaction of these documents is warranted because they contain

[* 2]

"commercially sensitive" information regarding the financial terms of the parties' lease. The plaintiffs likewise seek to seal or redact the memorandum of law in support of their summary judgment motion (NYSCEF Doc. 206) because it contains references to the financial terms of the lease. The plaintiffs do not meet their burden of demonstrating "good cause" to seal or redact these documents within the meaning of the statute and the relevant decisional authority.

The plaintiffs' contention that disclosure of the documents sought to be sealed would reveal "commercially sensitive" information regarding the financial terms of the subject lease and its subsequent modifications is unavailing. To be sure, courts have found a compelling interest in sealing financial information in appropriate circumstances, such as where the information is "proprietary" because it relates to "the nature of current or future business strategies," such that disclosure "could harm [a] private corporation's competitive standing." Mancheski v Gabelli Group Capital Partners, supra at 502-03. However, the mere presence of financial information, without more, does not establish that there is good cause to seal. See id. at 503 (motion court struck appropriate balance by sealing "proprietary" financial information but "refusing to seal documents containing financial information that could not compromise . . . current business strategies"); Norddeutsche Landesbank Girozentrale v Tilton, 165 AD3d 447 (1st Dept. 2018) (affirming denial of motion to seal documents containing tax and financial information that, while sensitive, were not trade secrets or information that could result in a competitive disadvantage).

Here, the plaintiffs present the information they seek to seal in exclusively general terms and do not explain why any *particular* information in the Confidential Exhibits is so commercially sensitive that it might result in a competitive disadvantage. The court notes, in this regard, that a third lease modification executed in December 2020, pursuant to which the lease currently remains in effect, as well as an excerpt from the original, 1991, lease, were publicly filed *without redaction* as exhibits in support of the defendant's motion to dismiss (MOT SEQ 001). These publicly filed lease documents contain some of the same financial terms and additional information the plaintiffs now claim to be commercially sensitive and warranting sealing. The plaintiffs' general assertion of commercial sensitivity absent specific information or particularized explanations provides the court with no basis to seal or redact. Nor do the plaintiffs provide any authority where a lease was sealed for these reasons under similar circumstances. The plaintiffs therefore do not carry their burden of demonstrating good cause to seal based on the presence of either trade secrets or a threat of competitive disadvantage. See Mosallem v Berenson, supra at 350; Maxim, Inc. v Feifer, supra.

Similarly unavailing is the plaintiffs' contention that disclosure of the letters sent to certain employees regarding their involvement with an error in the third lease modification, and of the employees' related deposition testimony, could impinge on the privacy rights of the subject employees. While protecting the privacy rights of non-litigant third parties is a valid basis for sealing (see Mancheski v Gabelli Group Capital Partners, supra at 502), a review of the subject letters, all identical and generic, reveals no specific information about the subject employees that might impinge on their privacy rights. Nor do the plaintiffs provide any controlling authority to support a contrary conclusion.

Finally, the fact that the plaintiffs previously designated these documents as confidential pursuant to the so-ordered confidentiality stipulation entered in this action pertaining to the production of purportedly confidential documents in discovery "is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." Eusini v Pioneer Electronics (USA), Inc., 29 AD3d 623, 625 (2nd Dept. 2006); see Mosallem v Berenson, supra.

 Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiffs' motion to seal or, in the alternative, redact documents is denied, and it is further

ORDERED that the temporary relief granted in this court's order dated August 7, 2024, is vacated, the Clerk of the Court shall unseal the sealed documents that are the subject of this motion and the plaintiffs shall file unredacted copies of any documents filed in redacted form.

This constitutes the Decision and Order of the court.

20250106210727NBANN0N07A8B22E16A84998A1E708DDFEE07F94

**1/7/2025**
**DATE**

**NANCY M. BANNON, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |