**Min Wu v Institute of Elec. & Elecs. Engrs., Inc.**

2025 NY Slip Op 31001(U)

March 24, 2025

Supreme Court, New York County

Docket Number: Index No. 159073/2024

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ALEXANDER M. TISCH          PART          18

*Justice*

------------------------------------------------------------------X

MIN WU

                              Petitioner,

                    - v -

THE INSTITUTE OF ELECTRICAL AND ELECTRONICS
ENGINEERS, INC.,

                              Respondent.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159073/2024 |
| MOTION DATE | 11/04/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63 were read on this motion to/for _____ SEAL _____ .

In this motion, respondent seeks to seal certain documents it filed in support of its answer to the petition in this action, specifically Exhibits B, C, D, and E to the Lindbak Declaration, ethics complaints filed by certain IEEE members against other IEEE members (NYSCEF Doc. Nos. 48–51); Exhibit F to the Lindbak Declaration, a letter sent to an IEEE Society Leader advising them of disciplinary action against them which is labeled "IEEE CONFIDENTIAL – CONTROLLED DISTRIBUTION" (NYSCEF Doc. No. 52); Exhibit G to the Lindbak Declaration, a letter from petitioner's counsel to respondent advising it of Dr. Wu intentions to appeal the decision of the IEEE's Conduct Review Committee (NYSCEF Doc. No. 53); Exhibit H to the Lindbak Declaration, a letter from petitioner's counsel to IEEE's President demanding petitioner's immediate reinstatement (NYSCEF Doc. No. 54); Exhibit I to the Lindbak Declaration, petitioner's appeal submission to the IEEE Ethics and Member Conduct Committee (NYSCEF Doc. No. 55); Exhibit J to the Lindbak Declaration, a copy of an IEEE Board of Directors memorandum regarding the disciplinary action at issue labeled "IEEE

159073/2024 Motion No. 002                                        Page 1 of 4

CONFIDENTIAL-CONTROLLED DISTRIBUTION: IEEE Board of Directors, IEEE Executive Director and COO, Legal & Compliance Staff, Corporate Governance staff" (NYSCEF Doc. No. 56); Exhibit D to the Hinchey Affirmation, redacted minutes from the June 2020 IEEE Board of Directors meeting at which revisions to IEEE Bylaw 1-110 and IEEE Policy 7.10, including the creation of the CRC, were approved (NYSCEF Doc. No. 44); Exhibit E to the Hinchey Affirmation, a copy of the minutes from the November 2020 IEEE Board of Directors meeting at which Section 5 of the CRC Operations Manual– the section empowering the CRC to impose disciplinary action– was revised (NYSCEF Doc. No. 45); and Exhibit F to the Hinchey Affirmation, petitioner's submission to the SPS Board of Governors (NYSCEF Doc. No. 46).

22 NYCRR 216.1(a) provides:

"[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the ground thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties."

In *Mosallam v Berenson* (76 AD3d 345, 349 [1st Dept 2010]), the court summarizes the governing legal principles as follows:

"Although the term 'good cause' is not defined, 'a sealing order should clearly be predicated upon a sound basis or legitimate need to take judicial action' (*Gryphon Dom. VI, LLC*, 28 AD3d at 325). 'A finding of 'good cause' presupposes that public access to the documents at issue will likely result in harm to a compelling interest of the movant' (*Mancheski*, 39 AD3d at 502). 'Confidentiality is clearly the exception, not the rule' (*Matter of Hofmann*, 284 AD2d 92, 93-94 [2001]), and the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access (*see Mancheski*, 39 AD3d at 502; *Danco Labs.*, 274 AD2d at 8)."

Sealing may be appropriate to preserve the confidentiality of materials which involve the internal finances of a party and are of more minimal public interest (*see D'Amocir v Ohrenstein & Brown, LLP*, 17 Misc 3d 1130[A], 2007 WL 4126386 at 42 [NY Sup Ct,

[* 2]

NY County 2007]). An order sealing court documents on grounds of privacy is often appropriate where records to be sealed concern the identities, residents, or religious affiliation of non-parties (*see, e.g.*, *Weinstein v Barnett*, NYLJ, Mar. 24, 1995, at 30, col 1 [Sup Ct, NY County 1995]).

Some of the documents at issue (NYSCEF Docs. No. 48-52) are records of ethics complaints made to the IEEE and subsequent proceedings. Document 56 is a resolution of the Board of Directors labeled confidential which involves a proceeding against a non-party. NYSCEF Doc. No. 46 is petitioner's submission in response to the ethics complaint against her, which includes accusations of ethics violations against and by non-parties. Each document involves ethics complaints and proceedings featuring at least one non-party to this action, and they will be sealed.

Documents Number 53-55 are petitioner's counsel's communications to IEEE officers about the ethics proceeding and determination. Any privacy rights in these documents belong to petitioner, who opposes sealing. Documents 44 and 45, redacted minutes of the Board of Directors' meetings at which the bylaws and the Ethics and Member Conduct Committee Operations Manual were revised. Respondent does not present good cause to seal these documents and the request to seal these documents is denied.

For the reasons discussed above, it is hereby

**ORDERED** that the motion to seal (Motion Sequence No. 002), is hereby GRANTED IN PART. It is further

**ORDERED** that the Clerk of the Court shall redact in public filing in this action: Exhibits B, C, D, and E to the Lindbak Declaration, ethics complaints filed by certain IEEE members against other IEEE members (NYSCEF Doc. Nos. 48–51); Exhibit F to the Lindbak Declaration, a letter sent to an IEEE Society Leader (NYSCEF Doc. No. 52); Exhibit J to the Lindbak

[* 3]

Declaration, a copy of an IEEE Board of Directors memorandum regarding the disciplinary action at issue (NYSCEF Doc. No. 56); and Exhibit F to the Hinchey Affirmation, petitioner's submission to the SPS Board of Governors (NYSCEF Doc. No. 46); and it is further

**ORDERED** that the County Clerk, upon service on him of a copy of this order, is directed to seal the abovementioned document and to separate these papers and to keep them separate from the balance of the file in this action; and it is further

**ORDERED** that thereafter, or until further order of the court, the County Clerk shall deny access to the said sealed papers to anyone (other than the staff of the County Clerk or the court) except for counsel of record for any party to this case, a party, and any representative of counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel; and it is further

**ORDERED** that counsel to plaintiffs shall serve a copy of this order by e-mail upon the County Clerk (cc-nyef@courts.state.ny.us); and it is further

**ORDERED** that the motion is otherwise denied.

| | | | |
|---|---|---|---|
| **3/24/2025** | | | |
| DATE | | ALEXANDER M. TISCH, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]