Brown v Broadhurst Willows Apts. LLC (2026 NY Slip Op 50355(U))

[*1]

Brown v Broadhurst Willows Apts. LLC

2026 NY Slip Op 50355(U)

Decided on March 20, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

571619/25

Polina Brown, Petitioner-Tenant-Appellant,
againstBroadhurst Willows Apartments LLC, Respondent-Landlord, and Department of Housing Preservation and Development, Respondent.

Petitioner-tenant appeals from so much of an order of the Civil Court of the City of New York, New York County (Alberto Gonzalez, J.), dated May 14, 2025, which, upon dismissal of the petition in a Housing Part proceeding, denied her application for a sealing order.

Per Curiam.
Order (Alberto Gonzalez, J.), dated May 14, 2025, insofar as appealed from, modified to grant petitioner-tenant's motion to the extent of sealing pages 7 through 40 of NYSCEF Doc. No. 2; as modified, order affirmed, without costs.
We find, in the exercise of our discretion, that petitioner-tenant established "good cause" (see NYCRR 216.1 [a]) to seal certain records in this Housing Part (HP) enforcement proceeding. Good cause for a limited sealing order was shown by the threats to petitioner's personal safety made by the illegal occupants/squatters of an adjacent apartment, as reflected in the aforementioned portions of NYSCEF Doc. No. 2. Petitioner's legitimate safety concerns outweigh the public interest in disclosure in this case, to the limited extent indicated, given that these individuals have subsequently been evicted and petitioner discontinued this HP proceeding prior to the service of process upon any respondent, and the documents at issue did not otherwise concern the enforcement or maintenance of "housing standards" (CCA 110 [a]; see Mancheski v Gabelli Group Capital Partners, 39 AD3d 499 [2007]; Matter of Hofmann, 284 AD2d 92 [2001]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the CourtDecision Date: March 20, 2026