■ CHRISTOPHER EUSINI, Appellant, v PIONEER ELECTRONICS (USA), INC., Respondent. [815 NYS2d 653]—

In a putative class action, inter alia, to recover damages pursuant to General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated November 19, 2004, which granted the defendant's motion pursuant to 22 NYCRR 216.1 to seal the record.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff commenced this putative class action, inter alia,

to recover damages pursuant to General Business Law § 349 on behalf of consumers in the state who purchased certain DVD players manufactured by the defendant. The complaint alleges that the players were incompatible with the DVD-Video Standard, which prevented them from playing DVDs in an acceptable fashion. This action is one of at least four similar actions pending in various states, including California, being prosecuted and/or defended by the same counsel. In the California action (identified as the lead action), the parties entered into a so-ordered stipulation concerning the disclosure, handling, and use of documents and information obtained through the discovery process designated by the defendant as "confidential material" or "highly confidential material" (hereinafter the California stipulation). The California stipulation, inter alia, limits the persons to whom such material can be disclosed, sets forth a procedure for presenting such material to the court in support of or in opposition to a motion, and provides a method by which to challenge the designation of material as confidential or highly confidential. In the action at bar (which shares some of the same counsel as the California action), the parties entered into a stipulation pursuant to which they agreed that all discovery materials produced in the California action would be deemed produced in this action. Further, they agreed that all such material "shall be treated by the parties in the manner set forth in the [California stipulation], without prejudice to any party to contest any designations of confidentiality before this Court as provided therein." The parties agreed that either party could seek to seal the record by timely application to the court pursuant to 22 NYCRR 216.1.

By letter dated September 1, 2004, the plaintiff announced his intention to "cite and/or include as exhibits" in a motion for class certification the deposition testimony of 12 identified persons, all exhibits used during such depositions, and various documents identified by their Bates stamp numbers. The plaintiff noted that he was providing the defendant with notice "in order to allow [it] to make a motion to have these documents filed under seal."

The defendant thereafter moved pursuant to 22 NYCRR 216.1 to have the identified materials filed under seal. The defendant noted that such materials had been produced in the California action and had been designated as confidential or highly confidential materials because they contained, inter alia, trade secrets. The defendant also noted that the materials consisted of, inter alia, more than 1,600 pages of transcripts and 1,117 pages of exhibits, and that the plaintiff had not responded to its

request that he cull his demand by identifying with greater specificity the exact portions he intended to use.

The plaintiff opposed the motion, arguing that the defendant had not shown the required "good cause" to seal the record, but rather merely had made the conclusory assertion that the materials contained, inter alia, trade secrets.

The Supreme Court granted the defendant's motion, finding both that materials containing trade secrets were entitled to protection and that the plaintiff was bound by his promise to comply with the terms of the California stipulation as to materials designated confidential or highly confidential. We reverse.

22 NYCRR 216.1 provides:

"(a) Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard.

"(b) For purposes of this rule, 'court records' shall include all documents and records of any nature filed with the clerk in connection with the action. Documents obtained through disclosure and not filed with the clerk shall remain subject to protective orders as set forth in CPLR 3103 (a)."

The record does not indicate that the defendant appended the materials at issue to its motion or otherwise produced the materials to the court. For example, although the materials are identified generally in the affirmation of counsel in support of the motion, they are not listed as exhibits. Nor does the order of the trial court indicate that it made an independent review of the materials. Thus, the materials were not made part of the "court record." Rather, they remain at this juncture merely disclosure materials and, therefore, not subject to a sealing order pursuant to 22 NYCRR 216.1. Further, a request, in effect, that the trial court review over 2,000 pages of documents and issue a blanket sealing order would place an onerous and unwarranted burden on the court and is not to be condoned. We note that the California stipulation, which the parties in this action have agreed to abide by, sets forth a method by which materials designated as confidential or highly confidential must be submitted in support of or in opposition to a motion so that the materials remain confidential until the court determines whether they should be sealed. This method permits the trial court to consider only those materials to be made part of the court records in

determining whether there is good cause to seal them, and is clearly a preferable method for obtaining such a determination. We note that the defendant's designation of the materials as confidential or highly confidential is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1 (*see Matter of Benkert,* 288 AD2d 147 [2001]; *Matter of Hofmann,* 284 AD2d 92 [2001]; *Doe v Bellmore-Merrick Cent. High School Dist.,* 1 Misc 3d 697 [2003]). In sum, on the record presented, 22 NYCRR 216.1 is not applicable and the defendant's motion pursuant thereto should have been denied. Adams, J.P., Ritter, Rivera and Covello, JJ., concur.