## Spence v Brosnan Risk Consultants, Ltd.

2024 NY Slip Op 34392(U)

December 17, 2024

Supreme Court, New York County

Docket Number: Index No. 651698/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LORI S. SATTLER** | **PART**      **02M** |
| | *Justice* | |

-------------------------------------------------------------------------------X

KAREEM SPENCE et al,

                                        Plaintiff,

                                      - v -

BROSNAN RISK CONSULTANTS, LTD.,

                                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651698/2023 |
| **MOTION DATE** | 07/03/2024, 08/19/2024 |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 72, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion to/for                         **STAY**                         .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 65, 66, 67, 68, 69, 70, 71, 74, 75

were read on this motion to/for                         **MISCELLANEOUS**               .

In Motion Sequence No. 002 of this putative class action alleging various violations of the New York State Labor Law, non-parties Yvette Walker ("Walker"), Orlando Cottman ("Cottman"), and Diane Reno ("Reno") (collectively, "Proposed Intervenors") move for an order permitting them to intervene in this matter, or alternatively for an order dismissing the case or its asserted class claims, limiting the proposed class settlement to claims asserted in the original Complaint, or staying this action pending the Proposed Intervenors' discovery into the proposed class settlement. The movants further seek an order directing that Exhibit A to their motion, which is a Settlement Memorandum related to a federal case, be filed under seal. Plaintiff Kareem Spence ("Plaintiff"), who commenced this action on behalf of himself and a proposed class, and Defendant Brosnan Risk Consultants, Ltd. ("Defendant") oppose the motion.

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**        **Page 1 of 8**
**Motion No.   002 003**

1 of 8

[* 1]

In Motion Sequence No. 003, Plaintiff moves for an order granting preliminary approval of a class action settlement of this matter, certifying a class for purposes of settlement, and for related relief. The motion is unopposed, and the annexed Settlement Agreement is signed by an authorized agent of Defendant. The motions are consolidated for disposition herein.

Plaintiff commenced this action on April 4, 2023 by filing a Summons and Complaint. The Complaint (NYSCEF Doc. No. 52) asserted causes of action related to uniform maintenance pay and spread of hours pay on behalf of himself and a putative class. On May 10, 2023, Proposed Intervenors Walker and Cottman, along with a third named plaintiff, commenced a putative nationwide class action against Defendant in federal court ("Federal Action") alleging violations of the Fair Labor Standards Act and the labor laws of 27 states (*see* NYSCEF Doc. No. 53, "Federal Complaint"). In relevant part, the Federal Complaint asserts that Walker was employed by Defendant in New York State, and that she and others similarly situated are entitled to recover unpaid wages due to time-shaving, spread of hours premiums, compensation for late payment of wages, and related relief pursuant to New York Labor Law. Defendant was served with the Federal Complaint on May 30, 2023 (NYSCEF Doc. No. 54).

Defendant moved to dismiss this action in July 2023, and that motion was denied on December 13, 2023 (Adams, J.). Thereafter, during mediation held on May 1, 2024, the parties reached a class-wide settlement in principle. The settlement involved resolution of not just uniform maintenance and spread of hours claims but of all wage and hour claims that Plaintiff and the putative class could have asserted under the Labor Law. Defendant's counsel notified counsel for plaintiffs in the Federal Action the following day at a scheduled mediation in that action. The Proposed Intervenors' motion was filed July 3, 2024. A Settlement Agreement in this case was signed by Defendant on July 16, 2024 (NYSCEF Doc. No. 62, "Settlement

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**          **Page 2 of 8**
**Motion No.  002 003**

[* 2]                                                                 2 of 8

Agreement"). Plaintiff filed an Amended Complaint on August 15, 2024 (NYSCEF Doc. No. 51), which added causes of action related to failure to pay timely wages, time shaving, and failure to provide accurate annual wage notices and wage statements, and signed the Settlement Agreement the following day on August 16, 2024.

The Settlement Agreement provides for a Settlement Fund of $2,100,000, which includes counsel and administration fees, costs and expenses, and employee-side payroll taxes (Settlement Agreement, ¶¶ 1.26, 3.1[A]). It includes a release of all state law claims by any class member who does not opt out of the settlement (*id.* at ¶ 4.1[A]). "State law claims" is defined broadly and includes all Labor Law claims (*id.* at ¶ 1.27).

The Proposed Intervenors argue they have an interest in this action such that intervention is proper. Although this action was filed before the Federal Action, they claim they did not become aware of it until the May 2, 2024 mediation of the Federal Action at which Defendant's counsel purportedly informed their counsel that this action had settled. While the Proposed Intervenors state they would not object to the Settlement Agreement being approved as to the uniform maintenance pay and spread of hours claims originally pled in the Complaint, they oppose the addition of other Labor Law claims in the Amended Complaint and the release of all state law claims because they would then be precluded from pursuing those claims in the Federal Action. They maintain that the value of those claims is significantly higher than the $2.1 million agreed to in the Settlement Agreement, noting that the total amount sought in their nationwide suit is nearly $180 million. They contend that Defendant intentionally delayed settlement talks in the Federal Action so that it could undercut that case by agreeing to an expansive low-ball settlement of this action.

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**   **Page 3 of 8**
**Motion No.  002 003**

3 of 8

Plaintiff and Defendant both oppose the motion. Plaintiff contends he amended the Complaint on consent after evidence of other Labor Law violations arose in the course of discovery, and that the settlement figure was arrived at after "a deep dive into the nuances of the data to ensure that all potential claims were identified and valued appropriately" (NYSCEF Doc. No. 64, Plaintiff's Memorandum of Law in Opposition, 10). He disputes the Proposed Intervenors' assertion that the instant settlement is inadequate compared to what is being sought in the Federal Action given that the $180 million the Proposed Intervenors are seeking includes federal claims and claims based on the laws of 26 other states. Finally, Plaintiff argues the request to intervene is premature and to the extent the Proposed Intervenors' rights are affected by settlement of this action, they may raise any objections as part of the settlement approval process. He maintains that permitting the movants to intervene would disrupt the long-standing approval process for class action settlements.

Defendant further argues in opposition that counsel for the Proposed Intervenors should have conducted a docket search prior to commencing the Federal Action, which would have revealed that this case was already pending. It maintains that Walker is the only Proposed Intervenor who worked for it in New York State and therefore the only putative class member and movant with any interest in this action. It argues that intervention should not be granted as Walker already has two remedies to address her concerns: object to the settlement within the established window for doing so like any other class member or opt out of the settlement before final approval. Like Plaintiff, Defendant disputes the Proposed Intervenors' calculations and analysis as to the value of the claims, along with the allegations that it and Plaintiff colluded to undercut the Federal Action.

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**            **Page 4 of 8**
**Motion No.  002 003**

CPLR 908 provides that a class action shall not be settled without court approval.

Settling a class action includes the following steps:

> (1) negotiations between counsel for the parties; (2) drafting a stipulation of settlement; (3) a motion seeking preliminary approval of the stipulation of settlement; and (4) the sending of settlement notice containing a summary of the settlement, soliciting objections and setting forth a time, place and date for a fairness hearing; (5) holding a fairness hearing on the merits of the proposed settlement wherein arguments are presented by counsel for plaintiffs, defendants, and objectors; (6) issuing appropriate orders approving, modifying or disapproving the settlement; and (7) an application by class counsel and objector's counsel for an award for attorneys' fees and costs.

(3 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 908.04 [2024]).

Upon a timely motion, a person shall be permitted to intervene in an action as of right when, *inter alia*, the representation or the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment (CPLR § 1012[a][2]). A person may also be permitted to intervene in the court's discretion when the movants' claim or defense and the main action have a common question of law or fact (CPLR § 1013). Distinctions between intervention as of right and discretionary intervention are no longer sharply applied and movants are permitted to intervene when they have a bona fide interest in an issue involved in that action (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]).

At the outset, the Proposed Intervenors do not dispute that Cottman and Reno did not work in New York State during the period in question, thus the Court finds they do not have a bona fide interest in this action. While Walker does have an interest in this action as a putative class member, the concerns raised in the motion amount to a dissatisfaction with the proposed settlement. These concerns are largely speculative and based on the Proposed Intervenors' own analysis of a small sample of individuals' claims in their national class. In any event, the concerns are more appropriately addressed by objecting to the settlement at the proper time or opting out of the settlement before its final approval. Because these remedies are available, the

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**            **Page 5 of 8**
  **Motion No.  002 003**

5 of 8

[* 5]

Proposed Intervenors will not be prejudiced by the denial of their motion. Therefore, the motion to intervene and for alternative relief is denied.

The Proposed Intervenors also move to seal Exhibit A to their papers (NYSCEF Doc. No. 37), which is a Settlement Memorandum prepared in furtherance of settlement of the Federal Action. They contend it should be sealed because it references data which was provided to counsel confidentially for the purpose of facilitating mediation in that action. "Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted]). To that end, the Uniform Rules for the New York State Trial Courts provide that "[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof" (22 NYCRR § 216.1[a]). While good cause is not defined, "a sealing order should clearly be predicated upon a sound basis or legitimate need to take judicial action" (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 28 AD3d 322, 325 [1st Dept 2006]). A party's designation of documents as confidential is not controlling on a court's determination as to whether there is good cause to seal them (*Mosallem*, 76 AD3d at 350, citing *Eusini v Pioneer Elecs. (USA), Inc.*, 29 AD3d 623, 626 [2d Dept 2006]; *see also In re Will of Hofmann*, 284 AD2d 92, 94 [1st Dept 2001]). The fact that the document which movants filed and now seek to have sealed references data that counsel was given confidentially is insufficient to constitute a good cause to seal it, and there is no other sound basis or legitimate need for doing so. Therefore, that branch of the motion is denied.

Turning to Motion Sequence No. 003, upon review of the pleadings, the Settlement Agreement, and the proposed Class Notice (NYSCEF Doc. No. 70, "Class Notice"), the Court

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**          **Page 6 of 8**
**Motion No.  002 003**

[* 6]                                             6 of 8

finds that the requirements of CPLR §§ 901 and 902 have been met and the motion for preliminary approval of the class action settlement is granted.

Accordingly, for the reasons set forth herein, it is hereby:

ORDERED that Motion Sequence No. 002 is denied in its entirety; and it is further

ORDERED that Plaintiff's motion (Motion Sequence No. 003) seeking preliminary approval of the Settlement Agreement dated August 16, 2024, provisional certification of the class for settlement purposes ("Settlement Class"), appointment of class counsel, approval of the proposed Class Notice and manner of distribution, and for the scheduling of a fairness hearing is granted; and it is further

ORDERED that the Settlement Class shall include the Named Plaintiff and all individuals whom Brosnan Risk Consultants, Ltd. employed as hourly workers in the State of New York between August 19, 2016 and December 31, 2023; and it is further

ORDERED that Mohammed Gangat, Esq. and Owen Keough, Esq. are appointed as class counsel; and it is further

ORDERED the proposed Class Notice is approved and shall be distributed to the Settlement Class; and it is further

ORDERED within fifteen days of the date of this Decision and Order, Defendant shall provide the settlement administrator with the list of names, last known addresses, last known telephone numbers, social security numbers, and dates of employment of all presumed class members; within thirty days of the date of this Decision and Order, the settlement administrator shall send the Class Notice in the manner set forth in the Settlement Agreement; class members shall have seventy-five days from the date the Class Notice is mailed to opt out of the settlement

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**          **Page 7 of 8**
  **Motion No.  002 003**

7 of 8

[* 7]

or object to the settlement; and Plaintiff shall file a motion for Final Approval of Settlement within thirty days of the fairness hearing; and it is further

ORDERED that the Court shall hold a Fairness Hearing on May 14, 2025 at 9:30 a.m. at 60 Centre Street, Room 212.

All other relief sought is denied.  This constitutes the Decision and Order of the Court.

| __12/17/2024__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | **X** | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**
**Motion No.  002 003**

**Page 8 of 8**