**Jabil Inc. v Mavenir Sys., Inc.**

2026 NY Slip Op 30686(U)

February 24, 2026

Supreme Court, New York County

Docket Number: Index No. 653936/2025

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

JABIL INC.,

                                       Plaintiff,

                          - v -

MAVENIR SYSTEMS, INC.,

                                       Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653936/2025 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 58, 59, 60, 67, 68 were read on this motion to/for                                    SEAL                                    .

## Background

In Motion 005, defendant, Mavenir Systems, Inc, moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the following documents (*see* NYSCEF Doc. No. [NYSCEF] 67, Order to Show Cause):

1.  Master Services Agreement (MSA) (NYSCEF 52)

2.  Addendum to MSA (NYSCEF 53)

3.  Jabil Radio Statement of Work (NYSCEF 54)

4.  Confidential Non-Disclosure Agreement (NYSCEF 55)

5.  Memorandum of Law in Support of Motion to Compel (NYSCEF 57)

Specifically, defendant argues that good cause exists to seal/redact the above documents that contain sensitive competitive information that has been designated as confidential by both parties.  This motion is unopposed.

653936/2025   JABIL INC. vs. MAVENIR SYSTEMS, INC.                                        Page 1 of 5
   Motion No.  005

1 of 5

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes." (*Id.* at 349.)  For example, § 216.1(a) of the Uniform Rules for Trial Courts, empowers courts to seal documents only upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1 [a].)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks and citation omitted].)

First, the parties' "designation of the materials as confidential . . . is not controlling on the court's determination whether there is good cause to seal." (*Eusini v Pioneer Elecs. (USA), Inc.*, 29 AD3d 623, 626 [2d Dept 2006]; *see also In re Will of Hofmann*, 284 AD2d 92, 93-94 [1st Dept 2001] ["[c]onfidentiality is clearly the exception, not the rule, and the court is always required to make an independent determination of

653936/2025  JABIL INC. vs. MAVENIR SYSTEMS, INC.
Motion No.  005

Page 2 of 5

good cause."].)  Second, "a party's reliance on the parties' confidentiality provision is insufficient to support sealing of a document."  (*Abad v iAero Group Holdco 2 LLC,* 2022 NY Slip Op 32982[U], *4 [Sup Ct, NY County 2022]; *see also Employees Retirement Sys. for the City of Providence v Rohner*, 2025 NY Slip Op 31327[U], *11 [Sup Ct, NY County 2025] ["[a] confidentiality agreement entered for purposes of exchanging information does not constitute good cause to seal . . . it demonstrates the steps taken to protect confidential information and can lend support to an argument for redacting."].)

### Discussion

Courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage."  (*Mosallem*, 76 AD3d at 350-351 [citations omitted].) Further, courts have sealed records containing "sensitive proprietary and business information … [when] [t]he parties had an interest in protecting these documents and there was no countervailing public interest that would be furthered by their disclosure." (*Jetblue Airways Corp. v Stephenson*, 31 Misc 3d 1241[A], 2010 NY Slip Op 52405[U], *7 [Sup Ct, NY County 2010], *affd* 88 AD3d 567 [1st Dept 2011]; *see also Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992]; *D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] ["[d]efendants ought not to be required to make their private financial information public, merely because they have been named as defendants in a lawsuit, where no substantial public interest would be furthered by public access to that information."].) However, at the same time, courts heavily discourage wholesale sealing of documents. (*See Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation

653936/2025  JABIL INC. vs. MAVENIR SYSTEMS, INC.
Motion No.  005

Page 3 of 5

omitted].)  The law requires that "any order denying access must be narrowly tailored to serve compelling objectives."  (*Danco Lab, Ltd.*, 274 AD2d at 6.)

Defendant seeks to seal NYSCEF 52, 53, 54 and 55 in their entirety. Defendant's singular argument for all documents is that these documents contain commercial terms that have deemed confidential between the parties.  (See NYSCEF 60, defendant's MOL at 9-10.)   However, defendant fails to identify such commercial terms that may compromise confidentiality and its competitive advantage.  The documents range from agreements between the parties (NYSCEF 52), addendum to the agreement (NYSCEF 53), statement of work (NYSCEF 54), and confidential NDA (NYSCEF 55.)  These documents contain definitions, and terms of a general nature which can be found in every commercial document like indemnification, warranty periods, damages, etc.  Defendant fails to specify how and which terms would adversely affect the confidentiality between the parties.

Here, defendant has not only failed to narrowly redact the documents but also has failed to establish good cause as to the wholesale sealing of documents. Defendant is also reminded that they cannot solely rely on the confidentiality provision of the agreements sought to be sealed as stated above.

For NYSCEF 57 (Memorandum of Law in Support of Motion to Compel), defendant has proposed narrowed redactions that contain commercial terms from the other documents. These include intellectual property definitions, and obligations etc. While such redactions would theoretically make good sense, defendants fails to submit proposed redactions.

Accordingly, motion 005 is denies without prejudice.

653936/2025   JABIL INC. vs. MAVENIR SYSTEMS, INC.
Motion No.  005

Page 4 of 5

[* 4]

ORDERED that defendant may refile this motion within 10 days of the date of this decision with proposed redactions of NYSCEF 52, 53, 54, 55; and it is further

ORDERED that defendant may file NYSCEF 57 under seal highlighting redactions, as consistent with Part 48 procedures within 10 days of the date of this order.

20260224224817AMASLEY68003140C72744BAB69E7823C6139CD6

| **2/24/2026** | | | |
|---|---|---|---|
| **DATE** | | **ANDREA MASLEY, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653936/2025   JABIL INC. vs. MAVENIR SYSTEMS, INC.**
**Motion No.  005**

Page 5 of 5

[* 5]