| **Ventura v Rosenblum** |
| --- |
| 2026 NY Slip Op 30747(U) |
| March 1, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 651045/2024 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

----------------------------------------------------------------------------------X

FITZGERALD N. VENTURA, INTERCITY AGENCY, INC.,
LEADING RISK SOLUTIONS LLC, and ICA INSURANCE
SERVICES, LLC F/K/A ICA SERVICE CO., LLC

Plaintiffs,

- v -

JERROLD A. ROSENBLUM,

Defendant.

----------------------------------------------------------------------------------X

| INDEX NO. | 651045/2024 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 011 012 013 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 230, 231, 232, 233, 242, 245, 246, 247, 249, 261

were read on this motion to/for                    SEAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 254, 255, 256, 257, 263, 268

were read on this motion to/for                    SEAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 250, 251, 252, 253, 262, 264, 265, 266, 267

were read on this motion to/for                    SEAL                    .

In motion sequence 011 and 012 plaintiffs Fitzgerald N. Ventura, Intercity Agency

Inc. (Intercity), and ICA Insurance Services LLC (ICA) move pursuant to the Uniform

Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the

following documents (*see* NYSCEF Doc. No. 242, OSC; NYSCEF 263, OSC):

1. Plaintiffs' Rule 19-a Statement (NYSCEF 174);

2. Deposition of Fitzgerald Ventura (NYSCEF 176);

3. Deposition of Jerrold Rosenblum (NYSCEF 177);

4. Deposition of Nicolas Dutko (NYSCEF 178);

651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.
Motion No.  011 012 013

Page 1 of 9

5.  Email dated February 9, 2023 (NYSCEF 179);

6.  Email dated February 10, 2023 (NYSCEF 180);

7.  Email dated August 25, 2023 (NYSCEF 181);

8.  Email dated February 23, 2023 (NYSCEF 182);

9.  Email dated March 8, 2023 (NYSCEF 183);

10. Email dated June 13, 2023 (NYSCEF 184);

11. Email dated June 26, 2023 (NYSCEF 185);

12. Email dated May 17, 2023 (NYSCEF 186);

13. Email dated August 1, 2023 (NYSCEF 187);

14. Email dated October 4, 2023 (NYSCEF 188);

15. Email dated February 13, 2024 (NYSCEF 189);

16. Email dated January 21, 2023 (NYSCEF 190);

17. Email dated September 15, 2023 (NYSCEF 191);

18. SMS message dated February 17, 2023 (NYSCEF 192);

19. Email dated March 11, 2023 (NYSCEF 193);

20. Email dated April 11, 2023 (NYSCEF 194);

21. Email dated January 21, 2023 (NYSCEF 195);

22. SMS message dated February 7, 2024 (NYSCEF 196);

23. SMS message dated February 8, 2024 (NYSCEF 197);

24. SMS message dated February 9, 2024 (NYSCEF 198);

25. Email dated February 8, 2024 (NYSCEF 199);

26. Email dated February 22, 2024 (NYSCEF 200);

27. Email dated March 5, 2024 (NYSCEF 201);

651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.
Motion No.  011 012 013

Page 2 of 9

[* 2]

28. SMS message dated February 26, 2024 (NYSCEF 202);

29. Email dated June 7, 2023 (NYSCEF 203);

30. Email dated January 21, 2023 (NYSCEF 204);

31. Email dated February 21, 2023 (NYSCEF 205);

32. Email dated January 21, 2023 (NYSCEF 206);

33. Email dated January 22, 2023 (NYSCEF 207);

34. Email dated January 23, 2023 (NYSCEF 208);

35. SMS message dated December 6, 2023 (NYSCEF 209);

36. Email dated February 1, 2024 (NYSCEF 210);

37. Email dated January 22, 2023 (NYSCEF 211);

38. Email dated May 30, 2023 (NYSCEF 212);

39. Email dated May 12, 2023 (NYSCEF 213);

40. Email dated February 9, 2024 (NYSCEF 214);

41. Email dated January 16, 2024 (NYSCEF 215);

42. Email dated February 23, 2024 (NYSCEF 216);

43. Email dated February 26, 2024 (NYSCEF 217);

44. Email dated January 13, 2023 (NYSCEF 218);

45. Deposition of Eli Mishanie (NYSCEF 219);

46. Email dated February 9, 2024 (NYSCEF 220);

47. Email dated March 7, 2024 (NYSCEF 221);

48. Email dated September 20, 2023 (NYSCEF 239);

49. Email dated February 9, 2024 (NYSCEF 240); and

50. Plaintiffs' Rule 19-a Statement (NYSCEF 241).

**651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.**
**Motion No.  011 012 013**

**Page 3 of 9**

3 of 9

In motion sequence 013 defendant Jerrold A. Rosenblum moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the following documents (*see* NYSCEF 262, OSC):

1. Defendant's Rule 19-a Counterstatement (NYSCEF 234);

2. Email dated February 1-2, 2024 (NYSCEF 236); and

3. Email dated March 25, 2024 and April 12, 2024 (NYSCEF 237).

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes." (*Id.* at 349.) For example, § 216.1(a) of the Uniform Rules for Trial Courts, empowers courts to seal documents only upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1 [a].)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks and citation omitted].)

**651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.**
**Motion No.  011 012 013**

**Page 4 of 9**

4 of 9

**Discussion**

Motion Sequence 011

In motion sequence 011, plaintiffs seek wholesale sealing of NYSCEF 174, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, and 221.  (NYSCEF 231, Proposed Sealing Chart [mot. seq. no. 011].)  Wholesale sealing is generally disfavored.  (*See Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation omitted].)  The law requires that "any order denying access must be narrowly tailored to serve compelling objectives."  (*Danco Lab, Ltd.*, 274 AD2d at 6.)  Accordingly, "[plaintiffs] will need to propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law."  (*Intl. Bus. Machs. Corp. v GlobalFoundries U.S. Inc.*, 2023 NY Slip Op 30203[U], *3 [Sup Ct, NY County 2023] [internal quotation marks and citation omitted]; *see also Danco*, 274 AD2d at 8 [holding that the "failure to target precise areas where redaction should occur violated section 216.1(a)"].)

Moreover, the parties' "designation of the materials as confidential . . . is not controlling on the court's determination whether there is good cause to seal."  (*Eusini v Pioneer Elecs. (USA), Inc.*, 29 AD3d 623, 626 [2d Dept 2006]; *see also In re Will of Hofmann*, 284 AD2d 92, 93-94 [1st Dept 2001] ["[c]onfidentiality is clearly the exception, not the rule, and the court is always required to make an independent determination of good cause."].)  "A confidentiality agreement entered for purposes of exchanging information does not constitute good cause to seal . . . it demonstrates the steps taken

651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.          Page 5 of 9
Motion No.  011 012 013

5 of 9

to protect confidential information and can lend support to an argument for redacting." (*Employees Retirement Sys. for the City of Providence v Rohner*, 2025 NY Slip Op 31327[U], *11 [Sup Ct, NY County 2025]; *see also Abad v iAero Group Holdco 2 LLC*, 2022 NY Slip Op 32982[U], *4 [Sup Ct, NY County 2022] ["a party's reliance on the parties' confidentiality provision is insufficient to support sealing of a document."]. Because the law does not generally recognize good cause for sealing documents, even when they are subject to a confidentiality provision, plaintiffs have failed to establish good cause to seal.

Moreover, the court rejects plaintiffs' unsupported assertions that targeted redactions would be "ineffective," "impractical," and "unworkable" (NYSCEF 231, Proposed Sealing Chart [mot. seq. no. 011].)

Accordingly, motion sequence 011 is denied.

Motion Sequence 012

In motion sequence 012, plaintiffs seek to seal NYSCEF 239 and 240 and redact NYSCEF 241. (NYSCEF 255, Proposed Sealing Chart [mot. seq. no. 012].)

Wholesale sealing of NYSCEF 239 and 240 is not warranted. (*See Applehead Pictures LLC*, 80 AD3d at 192.) The emails are replete with information that, on its face, is not business-sensitive, and plaintiffs fail to establish good cause to seal such non-business sensitive information. Accordingly, "[plaintiffs] will need to propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law." (*Intl. Bus. Machs. Corp.*, 2023 NY Slip Op 30203[U] [internal quotation marks and citation omitted]; *see also Danco*, 274 AD2d at 8.)

651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.                    Page 6 of 9
Motion No.  011 012 013

6 of 9

To the extent the highlighted portions of NYSCEF 241 are plaintiffs' proposed redactions, these satisfy the requirements of 22 NYCRR § 216 and applicable case law. (*See id.*) Accordingly, NYSCEF 241 shall remain sealed.

Motion Sequence 013

In motion sequence 013, defendant seeks wholesale sealing of NYSCEF 234, 236, and 237. (*See* NYSCEF 252, Proposed Sealing Chart [mot. seq. no. 013].) As previously explained, where parties fail "to propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216(a) and applicable case law," the sealing motion will be denied. (*Intl. Bus. Machs. Corp.,* 2023 NY Slip Op 30203[U], *3 [internal quotation marks and citation omitted]; *see also Danco*, 274 AD2d at 8 [holding that the "failure to target precise areas where redaction should occur violated section 216.1(a)"].) The court also disagrees with defendant that targeted redactions are "impracticable" here. (NYSCEF *Id.*)

Accordingly, it is

ORDERED that motion sequence 011 is denied; and it is further

ORDERED that motion sequence 012 is granted in part as to NYSCEF 241, and denied as to NYSCEF 239 and 240;

ORDERED that motion sequence 013 is denied; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 241; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of

651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.
Motion No.  011 012 013

Page 7 of 9

7 of 9

[* 7]

record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that plaintiffs shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that plaintiffs shall file a publicly redacted version of NYSCEF 241 in NYSCEF within 10 days of the date of this decision; and it is further

ORDERED that leave is granted to refile an application within 10 days of the date of this decision to seal portions of documents that contain private, financial, or competitive business information; if such an application is not timely made, NYSCEF 174, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, and 221234, 236, 237, 239, and 240 will be unsealed.  The parties shall comply with Part 48 procedures in this regard and any application shall also be accompanied by an affidavit from a person with knowledge explaining why portions of certain documents should be redacted[1]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed

---

[1] Counsels' affirmations are insufficient.  (*See generally* NYSCEF 232, Sokoloff aff; NYSCEF 256, Sokoloff aff; NYSCEF 251, Handler aff.)

**651045/2024  VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.**     **Page 8 of 9**
**Motion No.  011 012 013**

sealing order to the court (via sfc-part48@nycourts.gov and NYSCEF) instead of filing

another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for the

purposes of trial or other court proceedings on the record, e.g. arguments on motions.

|   |   |
|---|---|
| **3/1/2026** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651045/2024   VENTURA, FITZGERALD N. ET AL vs. ROSENBLUM, JERROLD A.**     Page 9 of 9
**Motion No.  011 012 013**

9 of 9